UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOSTON J. TOMPKINS,

    Plaintiff,

v.

DORRIS,

    Defendant.

Case No. 25-cv-12773

Honorable Robert J. White

**OPINION AND ORDER DISMISSING THE COMPLAINT**

    Boston J. Tompkins is currently incarcerated with the Michigan Department of Corrections. He commenced this 42 U.S.C. § 1983 action claiming that a prison chaplain excluded him from Muslim religious services by posting inmate prayer schedules in inconspicuous locations. The chief magistrate judge already granted Tompkins's *pro se* application to proceed *in forma pauperis*. (ECF No. 4). For the following reasons, the Court will dismiss the complaint.

    *Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss an *in forma pauperis* complaint if it:

        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or

>   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory," "clearly baseless" facts, "a legal interest which clearly does not exist," or "fantastic or delusional scenarios." *Id.* at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted).

Tompkins alleges that Chaplain Dorris posted religious service schedules in inconspicuous locations where he could not view them, which violates MDOC Policy Directive 05.03.150 ¶ Q. (ECF No. 1, PageID.3). But violations of MDOC policy directives are not actionable through section 1983 because that statute only redresses "deprivation[s] of rights secured by the constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). And Dorris's alleged violation of a state administrative rule or policy does not itself run afoul of the federal constitution or a federal statute. *See Colvin v. Horton*, No. 19-122, 2019 U.S. Dist. LEXIS 140718, at *38 (W.D. Mich. Aug. 20, 2019) (holding that an alleged violation of MDOC Policy Directive 05.03.150 ¶ Q does not state a plausible

claim for relief under section 1983); *see also McVeigh v. Bartlett*, No. 94-2347, 1995 U.S. App. LEXIS 9509, at *3 (6th Cir. Apr. 21, 1995) (deciding that a violation of MDOC policy directives "does not rise to the level of a constitutional violation because the policy directive simply does not create a protectible liberty interest" under the federal constitution).

That leaves the remaining cause of action under the First Amendment's Free Exercise Clause. To state a plausible free exercise claim, the plaintiff must allege sufficient facts from which an inference may be drawn that government officials placed "a substantial burden on the observation of a central religious belief or practice." *Hernandez v. C.I.R.*, 490 U.S. 680, 699, 109 S. Ct. 2136, 104 L. Ed. 2d 766 (1989); *see also Mustin v. Wainwright*, No. 23-3671, 2024 U.S. App. LEXIS 21896, at *6 (6th Cir. Aug. 27, 2024).

All Tompkins asserts is that Dorris "is very uncooperative to the Muslim community and keeps me particularly from activities because he simply discriminates." (ECF No. 1, PageID.3). This sole allegation is too conclusory to state a plausible claim for relief under the Free Exercise Clause. *See* Fed. R. Civ. P. 8(a)(2) (stating that the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). Accordingly,

IT IS ORDERED that the complaint (ECF No. 1) is dismissed.

IT IS FURTHER ORDERED that Tompkins may not file an appeal *in forma pauperis* because it would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated: October 16, 2025          s/ Robert J. White
                                                   Robert J. White
                                                   United States District Judge